JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America, and Kerri Hansen Revenue Officer, Internal Revenue Service (IRS)

### DEFENDANTS
Edmund N. Boyle, President
Connective Wireless, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David A. Degnan, AUSA
Assistant United States Attorney's Office
615 Chestnut St. #1250
Philadelphia, PA 19106

Attorneys *(If Known)*
unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| | | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| | | | | [ ] 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities Other / **Other:** | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
I.R.C. §7604(a) 26 U.S.C. §7604(a)
Brief description of cause:
enforce IRS Summons

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 06/10/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __615 Chestnut Street, #1250 Philadelphia, PA 19106__

Address of Defendant: __211 South Lynn Blvd. Upper Darby, PA__

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __June 10, 2013__   __David A. Degnan, AUSA__   _____
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

United States of America and Kerri Hansen, Rev. Officer IRS  :  CIVIL ACTION
:
v.  :
:
Edmund Boyle, President - Connective Wireless Inc.  :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| June 10, 2013 | David A. Degnan, AUSA | United States of America |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-861-8522 | 215.816.8618 | david.degnan@usdoj.gov |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND KERRI HANSEN, REVENUE OFFICER OF THE INTERNAL REVENUE SERVICE, <br><br> Plaintiffs, <br><br> v. <br><br> EDMUND N. BOYLE, PRESIDENT, CONNECTIVE WIRELESS, INC., <br><br> Defendant. | C.A. NO. |

## COMPLAINT TO ENFORCE INTERNAL REVENUE SUMMONS

For their Complaint, the United States of America and Edmund N. Boyle, Revenue Officer of the Internal Revenue Service, by their attorneys, allege as follows:

I.

This is a proceeding brought under authority of I.R.C. § 7604(a), (26 U.S.C. § 7604 (a)), to enforce judicially an Internal Revenue Summons issued pursuant to Section 7602 to enable Plaintiffs to prepare federal corporate income tax returns (Forms 1120) for Connective Wireless, Inc. for the taxable years ended December 31, 2009, December 31, 2010, and December 31, 2011.

II.

Plaintiff Revenue Officer is authorized to issue Internal Revenue Summonses pursuant to Section 7602.

III.

The address of the Defendant, Edmund N. Boyle, President, Connective Wireless, Inc., hereinafter ("Defendant") is 211 South Lynn Blvd., Upper Darby, Pennsylvania, such address being within the jurisdiction of this Court.

IV.

Plaintiff Revenue Officer is presently conducting an investigation with respect to the determination of the corporate income tax liabilities (Forms 1120) of Connective Wireless, Inc. for the taxable years ended December 31, 2009, December 31, 2010, and December 31, 2011.

V.

On January 10, 2013, a copy of a Summons was personally served upon the Defendant, by Plaintiff Revenue Officer, by handing the copy of the Summons directly to the Defendant. The Summons directed the Defendant to appear on the 8th day of February, 2013 at 10:00 A.M. at the office of the Internal Revenue Service, 600 Arch Street, Room 3256, Philadelphia, Pennsylvania, to testify and produce certain documents and records necessary to prepare federal corporate income tax returns (Forms 1120) for Connective Wireless, Inc. for the taxable years ended December 31, 2009, December 31, 2010, and December 31, 2011, as is more fully set forth in the Summons. The original Summons served upon the Defendant is attached hereto and incorporated herein as Exhibit 1.

-3-

## VI.

The Defendant did not appear on February 8, 2013. The Declaration of Plaintiff Revenue Officer reciting the failure to comply with the Summons is attached hereto and incorporated as Exhibit 2.

## VII.

It was and continues to be essential to the determination of the federal corporate income tax liabilities (Forms 1120) of Connective Wireless, Inc. for the taxable years ended December 31, 2009, December 31, 2010, and December 31, 2011, that the Defendant be required to testify and produce those records and documents demanded by the Summons, which are not in the possession of the Plaintiffs.

## VIII.

As indicated above, the investigation is being conducted for a legitimate purpose and the information sought may be relevant to that purpose. The Plaintiffs have complied with the administrative procedures required by the <u>Internal Revenue Code of 1986</u>, as amended.

-4-

WHEREFORE, Plaintiffs respectfully pray:

1. That this Court enter an Order directing the Defendant to show cause why he should not comply with and obey the aforementioned Summons in each and every requirement thereof.

2. That the Court enter an order directing the Defendant to obey the aforementioned Summons in each and every requirement thereof and to order that he testify, produce the books, records and other information as called for by the summons before Plaintiff Revenue Officer or any other properly designated officer of the Internal Revenue Service.

3. That the United States recover its costs in maintaining this action.

4. That the Court render such other and further relief as is just and proper.

Respectfully yours,

ZANE DAVID MEMEGER
United States Attorney

*Margaret L. Hutchinson*
Margaret L. Hutchinson
Chief, Civil Division
Assistant United States Attorney

*David A. Degnan*
DAVID A. DEGNAN
Assistant United States Attorney

June 10, 2013



# Summons

In the matter of   CONNECTIVE WIRELESS INC, 211 S LYNN BLVD, UPPER DARBY, PA 19082

Internal Revenue Service (Division):  Small Business / Self Employed

Industry/Area (name or number):  Small Business / Self Employed - Area 22

Periods:   FOR THE FORM 1120 CALENDAR YEARS ENDING DECEMBER 31, 2009, DECEMBER 31, 2010, AND DECEMBER 31, 2011

## The Commissioner of Internal Revenue

To:   EDMUND N BOYLE, AS PRESIDENT OF CONNECTIVE WIRELESS INC
At:   211 S LYNN BLVD, UPPER DARBY, PA 19082

You are hereby summoned and required to appear before KERRI HANSEN, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All books, records, papers and other data in the possession or control of the CONNECTIVE WIRELESS INC, pertaining to the operation of the CONNECTIVE WIRELESS INC, for its (calendar or fiscal) year(s) ended FOR THE FORM 1120 CALENDAR YEARS ENDING DECEMBER 31, 2009, DECEMBER 31, 2010, AND DECEMBER 31, 2011, and reflecting the receipt or accrual of all income and expenses of the operation of CONNECTIVE WIRELESS INC, including, but not limited to: all corporate bank account records, including deposit tickets, canceled checks, debit and credit memos, statements of account, check registers, saving account passbooks, and records of certificates of deposit; all financial statements, including balance sheets and income statements, all accounting records, including general journals and ledgers; all stock books and records, minutes of board of directors and shareholders meetings and articles of incorporation and amendments thereto; all records of loans made and dividends paid to shareholders and shareholder's loans to the CONNECTIVE WIRELESS INC; and any and all books, records, documents, receipts, invoices, bills, canceled checks, ledgers and journals regarding expenses or expenditures of the CONNECTIVE WIRELESS INC; and any and all other books, records, documents, and receipts regarding income from the operation of the CONNECTIVE WIRELESS INC; compensation for goods and services, including fees and commissions, gains derived from dealing in property, interest, rentals, royalty, and dividend income, and income from the discharge of indebtedness, so that Federal Corporation Income Tax Return(s), Form(s) 1120, for the (calendar or fiscal) year(s) ended FOR THE FORM 1120 CALENDAR YEARS ENDING DECEMBER 31, 2009, DECEMBER 31, 2010, AND DECEMBER 31, 2011 (for which years no return have been made) may be prepared. A blank Federal Corporation Income Tax Return is attached hereto as a guide to the production of the necessary books, records, and documents.

Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

600 ARCH STREET, ROOM 3256, PHILADELPHIA, PA 19106-1611 - (215)861-3771

Place and time for appearance at   600 ARCH STREET, ROOM 3256, PHILADELPHIA, PA 19106-1611

**IRS**
Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the  8th  day of  February , 2013  at  10:00  o'clock  A  m.

Issued under authority of the Internal Revenue Code this  10th   day of  January         , 2013

KERRI HANSEN
Signature of Issuing Officer

REVENUE OFFICER
Title

Signature of Approving Officer (if applicable)        EXHIBIT        Title

Original -- to be kept by IRS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and<br>KERRI HANSEN, Revenue Officer<br>of the Internal Revenue Service,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMUND N. BOYLE, PRESIDENT,<br>CONNECTIVE WIRELESS, INC.,<br><br>    Defendant. | Civil Action No. |

## DECLARATION

Kerri Hansen, plaintiff herein, declares:

1.  I am a duly commissioned Revenue Officer employed in the Small Business/Self-Employed Division Central Compliance Area of the Internal Revenue Service at 600 Arch Street, Philadelphia, PA 19106-1611.

2.  In my capacity as a Revenue Officer, I am conducting an investigation into the determination of the corporate income tax liabilities (Forms 1120) of Connective Wireless, Inc. for the calendar years ended December 31, 2009, December 31, 2010, and December 31, 2011.

3.  In furtherance of the above investigation and in accordance with Section 7602 of Title 26, U.S.C., I issued on January 10, 2013, an administrative summons, Internal Revenue Service Form 2039, to Edmund N. Boyle, to give testimony and to produce for examination books, papers, records, or other data as described in said summons. The summons is attached to the complaint as Exhibit 1.



EXHIBIT 2

4.   In accordance with Section 7603 of Title 26, U.S.C., on January 10, 2013, I personally served an attested copy of the Internal Revenue Service summons described in Paragraph (3) above on the defendant, Edmund N. Boyle, by handing the copy of the summons directly to the defendant, as evidenced in the certificate of service on the reverse side of the summons.

5.   On February 8, 2013, the defendant, Edmund N. Boyle, did not appear in response to the summons. The defendant's refusal to comply with the summons continues to the date of this declaration.

6.   The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

7.   All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8.   As of the date that the summons was issued and served, and as of the day I signed this declaration, there was no Department of Justice referral, as defined by 26 U.S.C. §7602(c), with respect to Edmund N. Boyle.

9.   It is necessary to examine the books, papers, records or other data sought by the summons in order to determine the corporate income tax liabilities (Forms 1120) of Connective Wireless, Inc. for the calendar years ended December 31, 2009, December 31, 2010, and December 31, 2011. This investigation is being conducted for a legitimate purpose and the information may be relevant for that purpose.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___4th___ day of ___April___, 2013.

*Kerri Hansen*
Kerri Hansen
Revenue Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND<br>KERRI HANSEN, REVENUE OFFICER<br>OF THE INTERNAL REVENUE SERVICE,<br><br>           Plaintiffs,<br><br>           v.<br><br>EDMUND N. BOYLE, PRESIDENT,<br>CONNECTIVE WIRELESS, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. NO.<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER TO SHOW CAUSE

AND NOW, this        day of                  , 2013, upon the complaint, the Exhibits attached thereto, including the Declaration of Plaintiff Revenue Officer, Kerri Hansen of the Internal Revenue Service, and upon the motion of Plaintiffs' attorneys:

IT IS ORDERED that EDMUND N. BOYLE appear before the United States District Court for the Eastern District of Pennsylvania, Courtroom      , U.S. Federal Courthouse, 601 Market Street, Philadelphia, Pennsylvania, on the     day of          , 2013, at     .m., and show cause why an Order should not be entered enforcing the Internal Revenue Summons served on him on January 10, 2013, by Plaintiff Revenue Officer, Kerri Hansen of the Internal Revenue Service.

-2-

IT IS FURTHER ORDERED that a copy of this Order, the Complaint and Exhibits be served upon the Defendant by a Revenue Officer of the Internal Revenue Service on or before the     day of            , 2013.

IT IS FURTHER ORDERED that within      days of service of copies of this Order, the Complaint, and Exhibits upon him, the Defendant shall file and serve an answer, motion or other responsive pleading, together with an affidavit in support thereof.

IT IS FURTHER ORDERED that only those issues raised in the pleadings or motions and supported by affidavit(s) will be considered by the Court on the above return date, and any uncontested allegation in the Complaint will be taken as admitted for the purpose of this enforcement proceeding.

_____
J.